**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7225**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW JAMES DURY,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:08-cr-00016-MR-1)

Submitted: January 18, 2018               Decided: January 30, 2018

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew James Dury, Appellant Pro Se. Donald David Gast, Amy Elizabeth Ray, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew James Dury appeals the district court's order construing his Fed. R. Civ. P. 60(b)(4) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissing it for lack of jurisdiction. A certificate of appealability is not required to address the district court's jurisdictional dismissal of Dury's motion as a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015). We conclude that the district court properly construed Dury's request for Rule 60(b) relief as a successive § 2255 motion over which it lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Accordingly, we affirm the district court's judgment.

Additionally, we construe Dury's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Dury's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

2

We deny Dury's motion to void all proceedings in this case and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*